Mr. James L. Wilson, Director Department of Natural Resources Jefferson State Office Building Jefferson City, Missouri 65101
Dear Mr. Wilson:
This is in reply to your request for an opinion concerning the procedure for issuance of Clean Water Commission permits. Specifically, your question asks:
 "Under the Missouri Clean Water Law, as affected by reorganization, who has the initial responsibility for the issuance of permits under Section 204.051 RSMO. Supp. 1975?"
Your question is affected partially by the Omnibus State Reorganization Act of 1974. Primarily, however, the basic problem is initiated by what may, on the surface, appear to be conflicting provisions in Chapter 204. Section 204.026(13) provides generally that the Commission shall issue permits for the discharge of water contaminants into the waters of the state. Then, in subsections 3, 4, 5, 6, 7, and 8 of Section 204.051, a rather detailed procedure for the application and issuance of permits is provided.
In subsection 3 of Section 204.051, it provides generally that applications are to be made with the "executive secretary" who shall promptly investigate each application and this investigation would include any hearings that circumstances may require. It is then provided that the executive secretary has the authority to issue permits or to deny permits. In subsection 6, it is provided that if the executive secretary denies an application for a permit, appeal may be taken to the Commission. On such appeal, the Commission then has the authority to investigate and hold hearings and then may issue or deny the permit.
By a prior Attorney General's Opinion No. 235 dated June 18, 1974, we have held that under the State Reorganization Act the Director of the Department of Natural Resources is the successor to all statutory powers of the executive secretary. Accordingly, in all cases which have so far come to our attention, wherever reference is made to the executive secretary it means Director of the Department. We see nothing which would dictate a different result in this instance.
This leads to the basic problem: Is the permit issued by the Commission or by the Director? The Reorganization Bill, which transferred the Clean Water Commission by type II transfer to the Department, explicitly provides that the Commission shall remain as the policy making body for water pollution matters. The relationship stated in that Act between the Commission and the Director is that the Director:
 ". . . shall administer the programs assigned to the department relating to environmental control and the conservation and management of natural resources. . . ." Section 10.1, Appendix B, RSMo Supp. 1975
Additionally, that Act states that the Director ". . . shall faithfully cause to be executed all policies established . . ." (Section 10.1, Appendix B, RSMo Supp. 1975) by the Clean Water Commission and be subject to the Commission's decisions as to all substantive and procedural rules. Accordingly, it is our view that the Commission has the basic authority and responsibility as it relates to policies.
The Commission establishes policy with its rules and regulations which are the basic guidelines under which permits are issued and also, specifically with regard to permits, its decisions on permit appeals. The effectuation of policy through such rules and regulations then sets down the guidelines under which the Director acts in the issuance of permits. However, if the rules are not completely definitive, as they would not ordinarily be, there would then exist some discretion on the part of the Director in the issuance of individual permits. Nevertheless, they must remain within the general guidelines of the rules; and the Commission's check on this as well as on finer points of policy is the permit appeals process.
Therefore, when the Director initially issues the permit, it is on behalf of the Commission, as the administrative officer directed to carry out the policies of the Commission. The permits in the broad sense are the permits of the Commission; but in construing Section 204.026(13) with Section 204.051.3, it is apparent that the procedural way that the Commission issues its permits is first to have the Director review such matters, investigate if necessary, and then issue or deny permits.
This scheme recognizes that procedurally one person, or group of persons who form a commission or other body, should not be the appellate authority for its own initial determinations.
 "Administrative appeal is, in the nature of things, excluded where the determining authority is either a head of a department or an independent commission, but there is room for appeal where a subordinate of a department head, even the head of a bureau, is the determining authority. . . ." 2 Am.Jur.2d Administrative Law § 541
and further:
 "Where a statute provides for an application to and determination by one officer with provision for appeal from such determination to another officer or body or for review by such an officer or body, the reviewing body has been held to have jurisdiction to act only upon an appeal . . ." 2 Am.Jur.2d Administrative Law § 542
To determine that the permit is to issue initially by the Commission would thus render meaningless the legislation's statutory scheme to assign the duty of investigation and permit issuance (formerly to the executive secretary before reorganization) to the Director, the administrative officer charged with administering Department of Natural Resources environmental control programs and carrying out Commission policies. It would further fail to recognize the legislature's apparent intent that there be a true appeal or review of the initial issuing authority's decision.
There is one interesting aspect of the permit which has been apparently amended by the Reorganization Bill. In subsection 6 of Section 204.051, it is provided that the applicant may appeal a denial of a permit by the "executive secretary" (whose duties are now performed by the Director) to the Commission. Subsection 1 of Section 10 of the Reorganization Act provides that the Director shall:
 ". . . be subject to their decisions as to all substantive and procedural rules and his decisions shall be subject to appeal to the board or commission on request of the board or commission or by affected parties. . . ." (Emphasis added)
Accordingly, this would give to the Commission the authority to review any permit issued or denied by the Director, regardless of whether any other party appeals such decision.
CONCLUSION
It is the opinion of this office that the initial responsibility for issuing Clean Water Commission permits under Section204.051, RSMo Supp. 1975, rests with the Director of the Department of Natural Resources acting in his capacity of administering Department of Natural Resources programs relating to environmental control and executing policies established by the Clean Water Commission.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Robert Lindholm.
Yours very truly,
 JOHN C. DANFORTH Attorney General